Graves *et al. v.* Bruen *et al.*

WILLARD GRAVES *et al.*, appellants, *v.* MATTHIAS BRUEN *et al.*, appellees.

| 6 | 167 |
| 165 | 437 |

*Appeal from Adams.*

The registry Acts do not apply to Patents, emanating from either the State or the United States. A copy of the record of those instruments, in case of the loss of the original, is not admissible as secondary evidence to supply its place, a duplicate from the authority which issued the first patent, being the proper evidence. *Semble,* that an Auditor's deed is placed upon the same footing with Patents, and that it is admissible in evidence without proof of its execution, and without showing that it was regularly acknowledged and recorded, as in the case of deeds between private individuals.

To defeat an Auditor's deed, evidence was offered to show, by means of a diagram, copied from a book in the Auditor's office, and annexed to a deposition of the principal clerk therein, that the land included in the deed was not duly listed, according to law. Other evidence was offered for the purpose of proving that the diagram was correctly copied from such book, and to explain the particular manner in which the book was kept. All of this evidence was rejected by the Court below: *Held,* that the evidence, being loose and indefinite, was calculated to mislead the jury, and was, therefore, properly rejected.

EJECTMENT, in the Adams Circuit Court, at the September term 1844, before the Hon. Jesse B. Thomas and a jury, brought by the appellees against the appellants, to recover the possession of the N. E. 13, 1 S. 7 W. of the fourth principal meridian. The declaration was served, March 18th, 1843.

On the trial, the defendants admitted that they were in possession of the premises set forth in the declaration. The plaintiffs offered in evidence, an Auditor's tax deed for said land to Bruen, dated January 2, 1840, and which recited that

*Graves et al. v. Bruen et al.*

the land was sold to him, January 10th, 1833, for the taxes of 1832. It was neither acknowledged or recorded. The defendants objected to its introduction, and their objection was overruled by the Court. This was all the evidence on the part of the plaintiffs.

The defendants offered the deposition of Thomas H. Campbell, a clerk in the Auditor's office, with a diagram attached as part thereof, of which the following is a copy, to wit:

"Lands lying between the Illinois and Mississippi rivers, patented by the United States to individuals for their military services, and taxed by the State of Illinois."

| Abstracts. | Acres. | Patentées. | Present owners. | Quarters. | Sec., Towns'p. and Range. | 1828 | 1829 | 1830 | 1831 | 1832 | 1833 | 1834 | 1835 | 1836 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
|  |  | R. L. J. Austin. | M. Bruen. | N. E. | 13. 1 S. 7 W. | 160 | 171 | 171 | 249 | 262 | Adams. | Hancock. | Adams. | Adams. |

The diagram does not show the quantity, quality, or class of the land. The witness said the land was listed in the manner shown in the diagram for the year 1832, and there was no evidence in the office of its having been listed in any other manner. It did not appear who listed it. There was no distinction between resident and non-resident lands. He believed it was listed in the second class, but was not certain. The plaintiffs waived all formal objections to the deposition, but objected to its competency to prove the fact sought to be established by it. The Court sustained the objection.

The defendants called E. H. Buckley Esq. and proved by him to the Court that the diagram was correctly copied from a large book, shown by the Auditor, in his office, to him, as the tax book for the Illinois Military Bounty Land District. The caption was copied from the first page. The heading of the columns, and entries opposite said land were copied from the page on which the land was entered, and which was many pages from the first. There was no heading in the fifth column on that page. He was not certain that there was none at the commencement of the book, but thought there was

Graves *et al. v.* Bruen *et al.*

not. He looked through the book, and believed there was nothing in that column but the name, "Adams," at one place. He was several days in the office, and called for all the tax books, and none were shown to him, but the one from which the diagram was copied. The defendants then offered the deposition, in connection with this evidence. The Court again excluded it.

The defendants then offered to prove that Graves, on the day of 1837, bought.the said land of the patentee thereof, without notice of the title or claim of Bruen, and that the patentee then conveyed the said land to him by deed of that date. This evidence was also rejected by the Court.

Verdict and judgment for the plaintiffs below, and the defendants appealed to this Court.

*W. A. Minshall, A. Williams & A. Johnston,* for the appellants.

1. If the land was not listed in the manner required by law, the Auditor's deed is void and confers no title. Gale's Stat. 35, § 20; Ib. 561, §§ 1, 2; Ib. 573, § 1; *Blossom* v. *Cannon,* 14 Mass. 178; *Holden* v. *Eaton,* 7 Pick. 17; Ib. 7 do. 439; *Hayden* v. *Foster,* 13 do. 493; *Alvord* v. *Collin,* 20 do. 421; *Keene* v. *Houghton,* 19 Maine, (1 Appleton,) 368; *Jackson* v. *Shepard,* 7 Cowen, 88; *Lessee of Holt's Heirs* v. *Hemphill's heirs,* 1 Ohio Cond.R. 552; *Parker* v. *Smith,* 4 Blackf. 70; *Dentler* v. *The State,* Ib. 259; *Doe* v. *Himelick,* Ib. 494; *Den* v. *Stewart,* 4 Dev. & Bat. 386; *Morton* v. *Reeds,* 6 Missouri, 64; *Fitch* v. *Pinckard,* 4 Scam. 77; 4 Kent's Com. 330; *Parker* v. *Rule's Lessee,* 3 Peters' Cond. R. 271; *Williams* v. *Peyton's Lessee,* 4 do. 395; *McClung* v. *Ross,* Ib. 605; *Thatcher* v. *Powell,* 5 do. 28; *Rex* v. *Croke.* 1 Cowp. 15; *Burtenshaw* v. *Gilbert,* Ib. 32.

2. The law required the land to be listed and taxed according to its quantity, quality and class. Gale's Stat. 561, §§ 1, 2; Ib. 573, § 1. The deposition of Campbell, and evidence of Buckley, was competent and sufficient, or at least tended, to prove that it was not so listed and taxed, and was, therefore, improperly excluded. *Allen* v. *Robinson,* 3 Bibb,

326; *Runyan* v. *Lessee of Coster*, 14 Peters, 130; *Adamthwaite* v. *Synge.* 2 Eng. Com. Law R. 348; *United States v. Percheman*, 7 Peters, 85; *Winn* v. *Patterson*, 9 do, 676; *Wickliffe* v. *Hill*, 3 Littell, 330; 1 Starkie's Ev. 191, 212; 1 Greenl. Ev. §§ 47, 78, 80, 90, 142, 483, 484, 485, 493, 508, 513; *Lowe* v. *Manners*, 7 Eng. Com. Law R. 302.

3. Bruen's tax deed, not being recorded, was void as against subsequent *bona fide* purchasers, and the evidence that Graves was such a purchaser should have been admitted. Gale's Stat. 150, § 9; Ib. 152, § 15; Ib. 155, §§ 2, 4; Ib. 664, § 21; Ib. 157, 158, §§ 1, 2, 3; Ib. 153, 154, § 1; Ib. 464, §11; Ib. 711, § 100; Ib. 156, §§ 1, 2; 1 New York Rev. Laws. 209; *Jackson* v. *Terry*, 13 Johns. 471; *Bott* v. *Perley*, 11 Mass. 173; *Robinson* v. *Rowan*, 2 Scam. 500; *Simonds* v. *Catlin*, 2 Caines, 62; *Farnsworth* v. *Childs*, 4 Mass. 638; *Tilson* v. *Thompson*, 10 Pick. 363; 3 Peters' Dig. 446, § 35; *Steele's Lessee* v. *Spencer*, 1 Peters, 559.

*O. H. Browning & N. Bushnell*, for the appellees;

The Opinion of the Court was delivered by

SHIELDS, J. This is an action of *Ejectment* brought by Bruen *et al.* v. Graves *et al.*, for the recovery of the North East quarter of section thirteen (13), township one (1) south, range seven (7) west of the fourth principal meridian. Notice of the declaration was served on the 18th day of March, 1843. On the trial, the possession of the defendants was admitted. The plaintiffs then offered in evidence an Auditor's tax deed for said land, dated March 2d, 1840, reciting that the land was sold to said Bruen, January 10th, 1833, for the taxes of 1832. Said deed had never been acknowledged or recorded. The defendants objected to the admission of the said deed in evidence. The objection was overruled, and the deed was admitted in evidence to the jury. The plaintiffs then closed their case.

The defendants then offered in evidence the deposition of Thomas H. Campbell, clerk in the Auditor's office, with a diagram attached to, and making part of said deposition,

showing the manner in which said land was listed for taxes. Said diagram did not show the number of acres in said tract of land, or the quantity or class to which it belonged. The deposition stated that the land was listed in the books of the Auditor for taxes from the year 1828 to the year 1836, inclusive, in the manner set forth in the diagram; and that it was listed in the same manner for other years. The book did not show by whom it was listed, nor was there any evidence in the office showing who listed it. He believed it was listed in the second class. The plaintiffs objected to the admissibility of said deposition, and the Court sustained the objection.

The defendants then called Edward H. Buckley as a witness, and proved by him that the said diagram was correctly copied from a book shown to him by the Auditor in his office, as the tax book of the Illinois Military Bounty Land. That the caption was copied from the first page of the book, which was a large one. The heading of the columns was copied from the page of said book, in which the land in dispute was entered, and which was many pages from the first page, and the entries opposite the tract of land were copied from the same page. There was no heading in the fifth column, on the last mentioned page. He could not say whether there was any heading at the commencement of the book. He gave some additional testimony, which is wholly immaterial. The deposition and diagram were offered in evidence and objected to, and the Court sustained the objection.

The defendants then offered to prove that the said Graves purchased the said land from the patentee thereof in 1837, without notice of the plaintiffs' title, and that the same was at that time duly conveyed to him by deed of that date, which was objected to, and the objection sustained. To all which decisions of the Court, the defendants at the time objected, and excepted, and this Court is now called upon to say whether the decision of the Court below is correct.

We can only see two questions, which can arise upon this voluminous record. The first questions the admissibility of an Auditor's deed without proof of execution, or without

showing that it was regularly acknowledged and recorded as in the case of deeds between private individuals. It is hardly necessary to say that the registry Acts do not apply to Patents emanating from either the State, or the United States. In case of loss of the original Patent, a copy from the record would not be admissible as secondary evidence to supply its place, and would be of no effect for that purpose. It is necessary, in such cases, to obtain a duplicate Patent from the authority which issued the first Patent. The registry laws have no application whatever in such a case.

The next question arises on the admissibility of the evidence offered to defeat the Patent, on the ground that the land included therein was not duly listed according to law. The testimony and diagram annexed show nothing, in our opinion, which would justify this Court in determining that such land was not correctly listed. Although the diagram shows that some of the columns are blank, yet, *non constat*, but the proper heading would be found in all cases by tracing the columns back to the first entry. The entries of dates, numbers, quantity, &c, are not necessarily repeated. The blank in the column refers back to the first entry, and the loose and indefinite proof offered, being calculated to mislead the jury, was properly rejected by the Court.

We can find nothing in the record to justify a reversal of the decision of the Court below. It is, therefore, affirmed with costs.

*Judgment affirmed.*